FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 2 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
BATESVILLE DIVISION

PAUL BRISCOE                                                                              PLAINTIFF

VS.                                    CASE NO: 1:10-CV-087 (JMM)

THE AJAX MANUFACTURING
COMPANY                                                                                  DEFENDANT

## PROTECTIVE ORDER

Now on this 2 day of February, 2011, comes on to be considered the motion for Protective Order, and the Court, being well and sufficiently advised in the premises, does, from the statements of counsel and their signatures hereon, find and order as follows, to-wit:

Defendant's motion is GRANTED. The parties shall conduct discovery subject to the following provisions:

(1) Confidential Documents, as later defined herein, and obtained by plaintiff from Ajax Manufacturing Company during discovery in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or distributed in any way to anyone except Qualified Persons, as herein defined.

(2) For purposes of this Motion only, confidential shall be deemed to include all documents produced by The Ajax Manufacturing Company, its parent entity, or any related entities, whether said documents are The Ajax Manufacturing Company documents or otherwise.

(3) Except with the prior written consent of The Ajax Manufacturing Company, or pursuant to further order of this Court, on motion with notice to The Ajax Manufacturing Company, no Confidential Documents may be disclosed to any person other than "Qualified Persons," who shall be defined to include:

    (a) All counsel of record in this action, and secretaries, paraprofessional

assistants and other employees of such counsel who are actively engaged in assisting counsel in connection with this action;

      (b)    Outside experts and/or consultants retained by any counsel to testify or assist in the preparation of this case.

      (c)    Witnesses, either by deposition, interview or trial testimony, who may be shown such materials as are subject hereto, and questioned about the same.

      (d)    Plaintiff Paul Briscoe.

(4)    This Motion, insofar as it seeks to restrict the distribution, in any way, and use of Confidential Documents, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

      (a)    Counsel for plaintiff shall take all reasonable steps necessary to return all documents produced by The Ajax Manufacturing Company.

      (b)    Counsel and all other Qualified Persons are enjoined from distribution of any Confidential Documents obtained during the course of this proceeding and in violation of this Protective Order Pursuant to Stipulation and Agreement.

(5)    If a document is marked confidential and the plaintiff believes in good faith that the designation is unnecessary, plaintiff shall have the opportunity to object to the designation of confidential. The parties are directed to work to resolve the dispute prior to requesting the Court to intervene. If the dispute cannot be resolved, the parties may raise the matter with the Court.

IT IS SO ORDERED this 2 day of February, 2011.

                                        _____
                                        Honorable James Moody,
                                        United States District Judge

**APPROVED AS TO FORM:**

Mr. James A. McLarty, III
Mr. H. David Blair
Attorneys for Plaintiff

by *H. David Blair by RAL*

Mr. Richard Lusby
Mr. Mark Mayfield
Attorneys for Defendant

by *Mark Mayfield*